UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY L. BEAVERS, | Case No.   1:24-cv-00942-KES-EPG (PC) |
| Plaintiff, | ORDER DENYING MOTION AND EX-PARTE REQUEST FOR ADDITIONAL SUBPOENAS |
| v. | |
| JOHN DOE, | (ECF Nos. 14 & 16) |
| Defendant. | ORDER TO SUBSTITUTE DEFENDANT OR DISMISS ACTION **NO LATER THAN APRIL 30, 2026** |

Plaintiff Gary L. Beavers is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff filed the complaint commencing this action on August 14, 2024. (*Id.*). This case proceeds on Plaintiff's claim of failure to protect in violation of the Eighth Amendment against Defendant Sgt. John Doe. (ECF Nos. 11, 17).

On January 22, 2026, the Court authorized the Issuance of Subpoena Duces Tecum to seek information regarding the identity of Defendant Sgt. John Doe. (ECF No. 12).

On February 23, 2026, Plaintiff filed a Motion to Issue Additional Subpoenas. (ECF No. 14). In his motion, Plaintiff indicates that Wasco State Prison identified Sgt. John Doe as Louis A. Carlos, who is deceased[1]. (*Id.* at 1). However, Plaintiff claims this is not the correct individual, as the Doe defendant "was a black, very fit, 'drill sergeant looking' man, similar in height and

---

[1] Plaintiff did not include the response from Wasco State Prison with his motion.

1

build to me." (*Id.*). Plaintiff now requests additional subpoenas to determine the identity of the individual. (*Id.* at 2-3).

On February 26, 2026, Plaintiff filed an Ex-Parte Request for Additional Subpoenas, arguing that "Wasco is attempting to 'hide' the defendant" and requesting documents such as Fair Labor Standards Act (FLSA) reports from five days in October, 2018, training manuals on prison classification decisions and property handling, the name and badge number of the person who took mail to the post office on October 3, 2019[2], along with the badge numbers, photographs, and job descriptions for each person on listed on the FLSA reports  (ECF No. 16 at 1-2).

The Court ordered Wasco State Prison to file its response to Plaintiff's subpoena duces tecum as well as an explanation as to how the Doe defendant was determined. (ECF No. 15). On March 12, 2025, Wasco State Prison filed its response, including the declaration of N. Ibarra explaining that Sergeant Louis A. Carlos processed Plaintiff's classification and initial housing review on October 3, 2018, prepared Plaintiff's Initial Housing Review form, dated October 3, 2018, and prepared the Informative Chrono documenting Plaintiff's request for placement in a Sensitive Needs Yard unit, dated October 3, 2028. (ECF No. 18 at 8).  Wasco State Prison attached the Initial Housing Review form, the Informative Chrono, signed by the Plaintiff on October 3, 2018, and the subpoena response from Wasco State Prison identifying Louis A. Carlos as the Sergeant described in Plaintiff's complaint. (*Id.* 15-20). The subpoena response also indicates that Sgt. Carlos "has been deceased since November 2021." (*Id.* 15-20).

The responsive documents provided by Wasco State Prison provide a sufficient basis to identify Defendant Sgt. John Doe as Louis A. Carlos. Accordingly, the Court will deny Plaintiff's motion and ex-parte request for additional subpoenas (ECF Nos. 14, 16).

Finally, the Court notes that "a party cannot maintain a suit on behalf of, or against, or join, a dead person, or in any other way make a dead person (in that person's own right, and not through a properly-represented estate or successor) party to a federal lawsuit." *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 955 (9th Cir. 2020). "The core observation is that the dead lack the capacities that litigants must have to allow for a true Article III case or controversy." *Id.*, at 953.

---

[2] While Plaintiff stated October 3, 2019, it is likely he intended the date to be October 3, 2018.

Under California law, "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death but survives subject to the applicable limitations period." Cal. Civ. Proc. Code § 377.20(a). "Subject to Part 4 (commencing with Section 9000) of Division 7 of the Probate Code governing creditor claims, a cause of action against a decedent that survives may be asserted against the decedent's personal representative or, to the extent provided by statute, against the decedent's successor in interest." Cal. Civ. Proc. Code § 377.40.

Here, in order to maintain this action, Plaintiff must substitute Defendant Sgt. John Doe with the personal representative or successor in interest of Sgt. Louis A. Carlos, deceased.

Accordingly, IT IS ORDERED that Plaintiff's motion and request for additional subpoenas *duces tecum* (ECF Nos. 14 & 16) are DENIED. Further, Plaintiff must substitute Defendant John Doe with the personal representative or successor in interest of Sgt. Louis A. Carlos or dismiss this action **no later than April 30, 2026**.

**Failure to comply with this order may result in the dismissal of this action.**

IT IS SO ORDERED.

Dated:   **March 25, 2026**                       /s/ *Erica P. Grosjean*
                                           UNITED STATES MAGISTRATE JUDGE