UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GARY L. BEAVERS,

    Plaintiff,

  v.

JOHN DOE,

    Defendant.

Case No.  1:24-cv-00942-KES-EPG (PC)

ORDER DENYING PLAINTIFF'S REQUEST TO TAKE JUDICIAL NOTICE

(ECF No. 23)

   Plaintiff Gary L. Beavers is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff filed the complaint commencing this action on August 14, 2024. (*Id.*). This case proceeds on Plaintiff's claim of failure to protect in violation of the Eighth Amendment against Sgt. John Doe. (ECF Nos. 11, 17).

   On January 8, 2026, the Court issued its Screening Order, allowing Plaintiff's claim for failure to protect in violation of the Eighth Amendment to proceed against Defendant Sgt. John Doe. (ECF No. 8). Plaintiff filed a notice to proceed on the failure to protect claim as described in the Screening Order. (ECF No. 9). The Court then issued findings and recommendations that the case "only proceed on Plaintiff's claim for Failure to Protect in violation of the Eighth Amendment against Defendant Sgt. John Doe" (ECF No. 11) and the district judge adopted the findings and recommendations in full (ECF No. 17).

1

To permit Plaintiff to learn the identity of John Doe in order to identify and serve him, on January 22, 2026, the Court authorized the Issuance of Subpoena Duces Tecum to seek information regarding the identity of Sgt. John Doe. (ECF No. 12).

Plaintiff sent a subpoena to Wasco State Prison that asked for "the name, Badge #, photo, phone #, and address of the Sgt. who processed the Classification and Initial Housing Review for Gary L. Beavers BH4704 on 10/3/2018." (ECF No. 18 at 12). Wasco responded to Plaintiff with the name of Sergeant Louis A. Carlos, badge number 52441, and noted the Sergeant Carlos "has been deceased since November 2021." (*Id.* at 20). Wasco also attached Plaintiff's Initial Housing review form. (*Id.*).

On February 23, 2026, Plaintiff filed a Motion to Issue Additional Subpoenas. (ECF No. 14). Plaintiff claimed Sergeant Carlos is not the correct individual, as Sgt. John Doe "…was a black, very fit, 'drill sergeant looking' man, similar in height and build to me." (*Id.*). Pursuant to court order, Wasco State Prison filed the declaration of Correctional Counselor II, N. Ibarra, confirming that Sergeant Carlos was working in the Receiving and Release area at Wasco on October 3, 2018; the Initial Housing Review form completed and signed by Sgt. L. Carlos that describes Plaintiff's classification and initial housing review; and an Informative Chrono prepared by Sergeant Carlos and signed by Plaintiff that notes Plaintiff's request for placement in a Sensitive Needs Yard unit. (ECF No. 18 at 7-18).

Now pending is Plaintiff's request that the Court take judicial notice of a photograph purporting to be of Louis A. Carlos. (ECF No. 23).  More specifically, Plaintiff attached to his request what appears to be a photograph or screenshot of a computer screen showing a photo of an individual, cropped from an internet article. (ECF No. 23 at 2).

Federal Rule of Evidence 201 permits a court to take judicial notice of any facts not subject to reasonable dispute and which may be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). For example, materials from a proceeding in another tribunal are appropriate for judicial notice. *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (court may take notice of proceedings in other courts, if proceedings directly relate to matters at issue).

Here, Plaintiff is not properly seeking to judicially notice a fact that is not in dispute.

Moreover, Plaintiff's photograph does not demonstrate that Wasco's response was inaccurate. Plaintiff's subpoena asked for "the Sgt. who processed the Classification and Initial Housing Review for Gary L. Beavers" and Wasco provided that person. (ECF No. 18 at 12-20).

Plaintiff appears to argue that this is not the correct person because he recalls that the person who took his property was black and of a different size. However, this memory does not mean that Wasco's information was incorrect. It is possible that another officer, who did not classify Plaintiff, was involved in the underlying events, including taking Plaintiff's property.

Plaintiff's submission of the photograph is thus not subject to judicial notice and does not prove that the institution's response to the service order was false.

Accordingly, the Court DENIES Plaintiff's request for judicial notice (ECF No. 23).[1]

IT IS SO ORDERED.

Dated:   **April 6, 2026**          /s/ _Erica P. Grosjean_
                                   UNITED STATES MAGISTRATE JUDGE

---

[1] Furthermore, as the Court stated in its March 26, 2026, order, Plaintiff must substitute Defendant Sgt. John Doe with the personal representative or successor in interest of Sergeant Louis A. Carlos no later than April 30, 2026 or the case will be dismissed without prejudice.

3