UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY L. BEAVERS,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN DOE,<br><br>    Defendant. | Case No.  1:24-cv-00942-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE DEFENDANT FOR JOHN DOE<br><br>(ECF No. 25)<br><br> and<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED WITH PREJUDICE AS A NULLITY<br><br>RESPONSE DUE WITHIN FOURTEEN DAYS |

Plaintiff Gary L. Beavers is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). This case proceeds on Plaintiff's claim for failure to protect in violation of the Eighth Amendment against Sgt. John Doe, who has been identified as Sergeant Louis A. Carlos, deceased. (ECF Nos. 11, 17, 18).

On April 23, 2026, Plaintiff filed a Motion to Substitute Defendant for John Doe with Patricia Carlos, presumed wife of Louis A. Carlos and his successor in interest. (ECF No. 25).

As discussed below, Plaintiff's motion for substitution is denied, and Plaintiff is ordered to show cause why this action should not be dismissed with prejudice.

## I.    BACKGROUND

Plaintiff filed the complaint commencing this action on August 14, 2024. (ECF No. 1). Plaintiff named a single defendant, Sgt. John Doe, and alleged that Defendant intentionally placed

1

him in a building knowing that he would be assaulted by other prison inmates as retaliation for not "donating" his suits worn at trial. (*Id.* at 3).

On January 8, 2026, the Court screened the complaint and concluded that Plaintiff only stated a claim for failure to protect in violation of the Eighth Amendment against Defendant Sgt. John Doe. (ECF No. 8 at 7). Plaintiff filed a notice to proceed only on the failure to protect claim (ECF No. 9), and the Court issued findings and recommendations that the case proceed only on Plaintiff's claimed for failure to protect against Defendant Sgt. John Doe and all other claims be dismissed (ECF No. 11), which recommendation was adopted in full by the district judge (ECF No. 17).

On January 22, 2026, the Court authorized the issuance of a subpoena to Wasco State Prison to seek information regarding the identity of Sgt. John Doe. (ECF No. 12). Wasco responded to Plaintiff with the name of Sergeant Louis A. Carlos, badge number 52441, and noted the Sergeant Carlos "has been deceased since November 2021." (ECF No. 18 at 20). Plaintiff was ordered to substitute Defendant John Doe with the personal representative or successor in interest of Sergeant Carlos or dismiss this action no later than April 30, 2026. (ECF No. 21 at 3).

On April 23, 2026, Plaintiff filed his Motion to Substitute Defendant John Doe with Sergeant Carlos' wife, Patricia Carlos, as his presumed successor in interest. (ECF No. 25). Plaintiff confirms Sergeant Louis A. Carlos died on November 6, 2021, and Plaintiff states that he reviewed Sergeant Carlos' obituary and then found no court records for Sergeant Carlos in Kern County, California. (*Id.* at 1-2). Plaintiff concludes that Sergeant Carlos must have died intestate, and his wife, Patricia Carlos, would be entitled to his assets or a portion thereof under statute. (*Id.*). As such, Plaintiff seeks to substitute Defendant Sgt. John Doe, or Sergeant Louis A. Carlos, deceased, with his presumed successor in interest, Patricia Carlos.

## II.   DISCUSSION

Plaintiff relies on Rule 25 of the Federal Rules of Civil Procedure for his motion to substitution, which states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not

2

made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

However, according to the Ninth Circuit, a dead person may not sue, be sued, or be joined as a party to a lawsuit. *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 951 (9th Cir. 2020) ("the dead lack the capacities that litigants must have to allow for a true Article III case or controversy"). While the Ninth Circuit in *LN Mgmt., LLC* declined to decide whether Rule 25(a) permits the substitution of a party when the party died before the lawsuit was served on them, it noted that "[s]everal of our district courts have followed *Mizukami* or similar cases in holding that Rule 25 substitutions are unavailable when the defendant for whom substitution is sought was dead before the commencement of the action, which was therefore a nullity, or "dead *ab initio*." *Id.* at 955-56 (collecting cases including *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969)).

Moreover, four courts from this district have held that a party cannot substitute a personal representative or successor in interest for a party who died before the lawsuit was filed or the complaint was served on them. *See Jenkins v. Perry*, 2009 WL 1663508 at *2 (E.D. Cal., June 15, 2009) ("Rule 25 (a) governs the substitution of a party when a party dies, and the claim is not extinguished. Rule 25 is inapplicable in this instance, however, because defendant Williams was not served with the summons and therefore is not a party to this action"); *Givens v. California Department of Corrections and Rehabilitation*, 2021 WL 1966086 at *3 (E.D. Calif., May 17, 2021) (where a putative defendant dies before a lawsuit is filed, the claims against him are a "nullity" and must be "dismissed with prejudice"), *findings and recommendations adopted*, 2022 WL 2954738(E.D. Cal. July 26, 2022); *Jacques v. Tillery*, No. 223CV0079TLNKJNP, 2023 WL 5207668, at *4 (E.D. Cal. Aug. 14, 2023), *report and recommendation adopted,* No. 2:23-CV-0079-TLN-KJN, 2023 WL 8850122 (E.D. Cal. Dec. 21, 2023) (finding Rule 25 did not allow substitution when defendant died before complaint filed and dismissing action against deceased defendant with prejudice and then dismissing the matter because no remaining defendants named); *Lacy v. Tyson*, 2012 WL 4343837, *2 (E.D. Cal. Sept. 20, 2012), *adopted*, 2012 WL 5421230 (E.D. Cal. Nov. 5, 2012); *Jacques*, 2023 WL 5207668 at *4.

3

For example, in *Lacy v. Tyson*, the plaintiff was a pro se state prisoner raising a § 1983 complaint against correctional officers and medical staff. The district court held that because decedent R. Reyna died before the lawsuit was filed, the motion for substitution under Rule 25 was denied, and decedent Reyna was dismissed with prejudice. *Lacy*, 2012 WL 4343837 at *2. "While the Ninth Circuit has not addressed this issue, courts have held, as a rule, that the substitution of parties cannot be ordered in conformance with Rule 25(a)(1) where the person for whom substitution is sought died prior to being named a party." *Lacy*, 2012 WL 4343837 at *2.

Here, Plaintiff seeks to substitute Sergeant Carlos' wife, Patricia Carlos, as his presumed successor in interest. (ECF No. 25). However, in his motion, Plaintiff confirms Sergeant Carlos died on November 6, 2021, three years before Plaintiff filed his complaint on August 14, 2024. (ECF No. 25 at 2; ECF No.1).

Because Sergeant Carlos died before the lawsuit was commenced, he was never a proper party to this action and cannot be substituted under Rule 25. *LN Mgmt., LLC,* 957 F.3d at 951; *Lacy*, 2012 WL 4343837 at *2. Plaintiff named no other defendants in this case. Therefore, the action should be dismissed.

### III.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's Motion to Substitute Defendant for John Doe (ECF No. 25) is DENIED; and

2.  Within fourteen (14) days of being served with a copy of this order, Plaintiff must file a statement in writing to show cause why this case should not be dismissed with prejudice as a nullity.

3.  If Plaintiff fails to respond to this order, this case may be dismissed.

IT IS SO ORDERED.

Dated:   **June 8, 2026**                    /s/ Erin P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

4