UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY L. BEAVERS,<br>Plaintiff,<br>v.<br>JOHN DOE,<br>Defendant. | Case No. 1:24-cv-00942-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EARLY DISCOVERY<br><br>(ECF No. 27) |

Plaintiff Gary L. Beavers is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF No. 1). This case proceeds on Plaintiff's claim for failure to protect in violation of the Eighth Amendment against Sgt. John Doe, the Reception Sergeant at Wasco Prison who assigned Plaintiff to a building where Plaintiff was later assaulted. That Reception Sergeant has been identified as Sergeant Louis A. Carlos, who died before this lawsuit was filed. (ECF Nos. 11, 17, 18).

In response to an order to show cause why this case should not be dismissed with prejudice, on June 26, 2026, Plaintiff filed his fifth motion for early discovery, seeking extensive discovery requests surrounding the circumstances of his classification in order to identify another individual who Plaintiff claims committed at least some of the actions described in Plaintiff's complaint. (ECF No. 27).

For the reasons set forth below, Plaintiff's fifth motion for early discovery (ECF No. 27) is denied.

## I. BACKGROUND

Plaintiff filed the complaint commencing this action on August 14, 2024. (ECF No. 1). Plaintiff named a single defendant, Sgt. John Doe, who Plaintiff described as the Reception Sergeant at Wasco State Prison, and alleged that Defendant intentionally assigned Plaintiff to a building knowing that he would be assaulted by other prison inmates as retaliation for not "donating" the Armani and Hugo Boss suits Plaintiff wore during trial. (*Id.* at 3).

On January 8, 2026, the Court screened the complaint and concluded that Plaintiff only stated a claim for failure to protect in violation of the Eighth Amendment against Defendant Sgt. John Doe. (ECF No. 8 at 7). Plaintiff filed a notice to proceed only on the failure to protect claim against Sgt. Doe (ECF No. 9), and the Court issued findings and recommendations that the case proceed only on Plaintiff's claim for failure to protect against Defendant Sgt. John Doe and all other claims be dismissed (ECF No. 11), which recommendation was adopted in full by the district judge (ECF No. 17).

On January 22, 2026, the Court authorized the issuance of a subpoena to Wasco State Prison to seek information regarding the identity of Sgt. John Doe. (ECF No. 12). In his subpoena, Plaintiff requested Wasco State Prison "[p]rovide the name, Badge #, photo, phone #, and address of the Sgt. who processed the Classification and Initial Housing for Gary L Beavers BH4704 on 10/3/2018." (ECF No. 18 at 12).

Wasco responded to Plaintiff with the name of Sergeant Louis A. Carlos, badge number 52441, and noted the Sergeant Carlos "has been deceased since November 2021." (*Id.* at 20).

On February 23, 2026, Plaintiff filed an Ex-Parte Motion to Issue Additional Subpoenas. (ECF No. 14). Plaintiff claimed Sergeant Carlos was not the correct individual, as the Doe defendant "was a black, very fit, 'drill sergeant looking' man, similar in height and build to me." (*Id.* at 1). Plaintiff requested additional subpoenas "requesting information that should show [Wasco's] response, naming Mr. Carlos, is a lie." (*Id.* at 2).

In order to consider Plaintiff's request for additional subpoenas, the Court ordered "Wasco State Prison [to] file a response to Plaintiff's motion with a copy of its response to the subpoena as well as a description of how the identity of Doe defendant was determined." (ECF No. 15 at 2).

Two days later, on February 26, 2026, Plaintiff filed a second motion for additional subpoenas. (ECF No. 16).

On March 12, 2026, Wasco State Prison filed its response, including the declaration of N. Ibarra explaining that Sergeant Louis A. Carlos was the person who processed Plaintiff's classification and initial housing review on October 3, 2018, prepared Plaintiff's Initial Housing Review form, dated October 3, 2018, and prepared the Informative Chrono documenting Plaintiff's request for placement in a Sensitive Needs Yard unit, dated October 3, 2028. (ECF No. 18 at 8). Wasco State Prison attached the Initial Housing Review form, the Informative Chrono, signed by the Plaintiff on October 3, 2018, and the subpoena response from Wasco State Prison identifying Louis A. Carlos as the Sergeant described in Plaintiff's complaint. (*Id.* 15-20). The subpoena response also indicated that Sgt. Carlos "has been deceased since November 2021." (*Id.* 15-20).

On March 24, 2026, Plaintiff filed a third and fourth request for additional subpoenas to identify John Doe. (ECF Nos. 19, 20). Plaintiff again requested documents from Wasco State Prison such as the FLSA report and the names of inmates who "came to Wasco with [Plaintiff]." (ECF No. 19).

On March 26, 2026, the Court issued an order denying Plaintiff's first two motions for additional subpoenas, finding "[t]he responsive documents provided by Wasco State Prison provide a sufficient basis to identify Defendant Sgt. John Doe as Louis A. Carlos." (ECF No. 21 at 2). Because Mr. Carlos was now deceased, Plaintiff was ordered to substitute Defendant John Doe with the personal representative or successor in interest of Sergeant Carlos or dismiss this action no later than April 30, 2026. (*Id.* at 3).

The same day, the Court issued a second order denying the third and fourth motions for additional subpoenas, noting that they repeated the same arguments that the Court previously considered, ultimately finding that "[t]he responsive documents provided by Wasco State Prison provide a sufficient basis to identify Defendant Sgt. John Doe as Louis A. Carlos." (ECF No. 22 (quoting ECF No. 21)).

On April 23, 2026, Plaintiff filed his Motion to Substitute Defendant John Doe with Sergeant Carlos' wife, Patricia Carlos, as his presumed successor in interest. (ECF No. 25).

On June 9, 2026, the Court denied Plaintiff's motion for substitution and ordered Plaintiff to show cause why this action should not be dismissed with prejudice. (ECF No. 26). The Court explained that, because Sergeant Carlos died before the lawsuit commenced, he was never a proper party to this action and cannot be substituted under Rule 25 of the Federal Rules of Civil Procedure. "Plaintiff named no other defendants in this case. Therefore, the action should be dismissed." (*Id.* at 4).

On June 26, 2026, Plaintiff filed a fifth motion for early discovery, (ECF No. 27), which is presently before the Court. In the present motion, Plaintiff states that he always knew that neither Sergeant Carlos nor his widow were liable for his claims, but that he sought to add them as defendants nonetheless because "it appeared that the only way forward was to name her in the suit and get discovery to find the guilty officer."[1] (*Id.* at 1-2) In contrast to his previous filing attempting to add her as a party, Plaintiff now states Sergeant Carlos' widow should not be substituted as a defendant. Instead, Plaintiff seeks broad discovery to identify another individual—other than the Reception Sergeant--that he believes committed at least some of the actions described in Plaintiff's complaint. Although Plaintiff does not specify the full scope of discovery he seeks, he states that it would include:

- FLSA report for the reception area on the date of his classification;
- Photographs of all employees listed on the FLSA report;
- "Work reports will name all of the porters working in that area that day, along with their present prison location, if still incarcerated";
- "The female officer who contact me regarding those 602's should have produced an internal report, naming all the officers she questioned";

---

[1] Plaintiff further states:

> I knew her husband [Sergeant Carlos] was innocent and she [Sergeant Carlos' widow] was certainly innocent; however, it appeared that the only way forward was to name her in the suit and get discovery to find the guilty officer.
>
> Before I sent the court the motion to name her as defendant, I sent Ms. Carlos a letter letting her know the suit was coming and I did not believe her husband was the person who did this (Exhibit A). I let her know I would remove her from the case as soon as I located the guilty party.

(ECF No. 27 at 1-2).

- "There was an investigation of the allegations by the Office of Security and Strategic Information (OSSI). That investigating officer also has the names of all officers he spoke with";
- "This type of staff complaint requires an Incident Report be filed. That report will also name names"; and
- "There were fifteen other inmates on the bus with me from Orange County…They would have heard every word and the same officer should have done the classification for at least half of them…[t]hey will certainly be able to confirm or deny if that sergeant was Mr. Carlos, a 300-pound Hispanic man."

(*Id.* at 3-4).

## II. DISCUSSION

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice. Fed. R. Civ. P. 26(d). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for early discovery. *See, e.g., IO Group, Inc. v. Does 1–65,* No. C 10–4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010); *Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273, 275–77 (N.D. Cal. 2002); *Texas Guaranteed Student Loan Corp. v. Dhindsa,* No. C 10–0035, 2010 WL 2353520, at *2 (E.D. Cal. June 9, 2010); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.,* 202 F.R.D. 612, 613–14 (D. Ariz. 2001) (collecting cases and standards).

In evaluating whether a plaintiff establishes good cause to learn the identity of Doe defendants through early discovery, courts examine whether the plaintiff: (1) identifies the Doe defendant with sufficient specificity that the court can determine that the defendant is a real person who can be sued in federal court; (2) recounts the steps taken to locate and identify the defendant; (3) demonstrates that the action can withstand a motion to dismiss, and (4) proves that the discovery is likely to lead to identifying information that will permit service of process. *Columbia Ins. Co. v. seescandy.com,* 185 F.R.D. 573, 578–80 (N.D. Cal. 1999); *Uber Techs., Inc. v. Doe*, No. C 15-00908 LB, 2015 WL 1205167, at *2 (N.D. Cal. Mar. 16, 2015)

Here, Plaintiff does not show good cause for additional discovery.

Based on Plaintiff's complaint, the Court found a cognizable claim against Defendant Sgt.

John Doe for failing to protect Plaintiff by reading his charges out-loud and deliberately assigning him to a building where assaults were known to occur daily. (ECF No. 8 at 7). The complaint described this person as the Reception Sergeant at Wasco State Prison. (ECF No. 1, at p. 3). The complaint also alleged that this person assigned Plaintiff to the building where Plaintiff was later assaulted. (ECF No. 1, at p. 3). Moreover, when Plaintiff was given the opportunity to seek discovery regarding the identity of John Doe from Wasco State Prison, he requested "the address of the Sgt. who processed the Classification and Initial Housing for Gary L Beavers BH4704 on 10/3/2018." (ECF No. 18 at 12).

Plaintiff has received the identity of that person. Wasco State Prison has provided sworn testimony, along with copies of Plaintiff's housing assignment and classification interview, which definitively state that Louis Carlos was the Sergeant at Wasco State Prison who processed Plaintiff's classification and initial housing review on October 3, 2018, prepared Plaintiff's Initial Housing Review form, dated October 3, 2018, and prepared the Informative Chrono documenting Plaintiff's request for placement in a Sensitive Needs Yard unit, dated October 3, 2028. (ECF No. 18 at 8). Thus, Wasco State Prison identified the person identified in Plaintiff's complaint, i.e., the Reception Sergeant at Wasco State Prison who assigned Plaintiff to his housing unit. Indeed, based on this information, Plaintiff himself attempted to substitute Sergeant Carlos's widow as defendant in this case. (ECF No. 25).

Plaintiff's current motion for discovery no longer seeks the identity of John Doe, the Reception Sergeant at Wasco State Prison who assigned him to Plaintiff's housing unit. Instead, it seeks broad discovery regarding the circumstances of Plaintiff's classification in order to identify another individual who Plaintiff believes acted improperly at Wasco State Prison. That discovery includes FLSA reports, officer photographs, fifteen other inmate identities, locations, and contact information, work reports for an unknown number of inmates who may have been "in the area" during Plaintiff's housing interview, along with their current locations, and reports and investigative files. In other words, Plaintiff seeks to discover information about Plaintiff's classification to amend his claims against a person other than the Reception Sergeant.

Plaintiff is not entitled to such discovery. It may be that Plaintiff has misremembered the circumstances of his classification, and that in fact the Reception Sergeant at Wasco State Prison

did not act in the way described in Plaintiff's complaint. It may be that the person Plaintiff remembers did not in fact assign him to Plaintiff's housing unit. But Plaintiff is not entitled under the Federal Rules to discovery outside the Rule 26 context in order to learn the circumstances of his classification for purposes of amending his complaint. He is only entitled to discovery to identify a Doe Defendant who has been described in Plaintiff's complaint with sufficient specificity to facilitate service of process on that person.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Early Discovery (ECF No. 27) is DENIED.

IT IS SO ORDERED.

Dated: **July 15, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE