UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY L. BEAVERS,<br>Plaintiff,<br>v.<br>JOHN DOE,<br>Defendant. | Case No. 1:24-cv-00942-KES-EPG (PC)<br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S CASE BE DISMISSED WITH PREJUDICE<br>(ECF NO. 26)<br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Gary L. Beavers is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case proceeds on Plaintiff's claim for failure to protect in violation of the Eighth Amendment against Sgt. John Doe, who is identified in Plaintiff's complaint as the Reception Sergeant at Wasco Prison, who Plaintiff alleges assigned Plaintiff to a building where Plaintiff was later assaulted.

Following screening, Plaintiff sought discovery from Wasco Prison to identify the Doe Defendant. Wasco Prison identified that person as Sergeant Louis A. Carlos, who died before this lawsuit was filed. (ECF Nos. 11, 17, 18).

Plaintiff then moved to substitute Mr. Carlos's widow, as his successor in interest, in place of John Doe. (ECF No. 25). However, the Court denied the motion because Mr. Carlos died before this lawsuit was filed and thus was never a proper party to the action. The Court

also issued an order to show cause why this case should not be dismissed with prejudice as a nullity. (ECF No. 26).

In response to the order to show cause, on June 26, 2026, Plaintiff filed a motion for early discovery, seeking extensive discovery requests surrounding the circumstances of his classification in order to identify another individual—other than the Reception Sergeant—that Plaintiff believes acted improperly at Wasco State Prison. (ECF No. 27). The Court denied the motion for additional discovery, finding that Plaintiff had already received sufficient information to identify the Doe Defendant and was not otherwise entitled to discovery outside the context of Federal Rule of Civil Procedure 26. (ECF No. 28).

Plaintiff does not dispute that Sergeant Carlos died before this lawsuit was filed. Nor does Plaintiff dispute that Sergeant Carlos is the person described in the complaint as John Doe, i.e., the Reception Sergeant at Wasco State Prison who processed Plaintiff's classification and initial housing review on October 3, 2018.

Thus, for the reasons described below, the Court will recommend that this action be dismissed with prejudice as a nullity because the person identified as the John Doe defendant died before the action was filed.

## I. BACKGROUND

Plaintiff filed the complaint commencing this action on August 14, 2024. (ECF No. 1). Plaintiff named a single defendant, Sgt. John Doe, who Plaintiff described as the Reception Sergeant at Wasco State Prison, and alleged that Defendant intentionally assigned Plaintiff to a building knowing that he would be assaulted by other prison inmates as retaliation for not "donating" his Armani and Hugo Boss suits worn at trial. (*Id.* at 3).

On January 8, 2026, the Court screened the complaint and concluded that Plaintiff only stated a claim for failure to protect in violation of the Eighth Amendment against Defendant Sgt. John Doe. (ECF No. 8 at 7). Plaintiff filed a notice to proceed only on the failure to protect claim against Sgt. Doe (ECF No. 9), and the Court issued findings and recommendations that the case proceed only on Plaintiff's claim for failure to protect against Defendant Sgt. John Doe

and all other claims be dismissed (ECF No. 11), which recommendation was adopted in full by the district judge (ECF No. 17).

On January 22, 2026, the Court authorized the issuance of a subpoena to Wasco State Prison to seek information regarding the identity of Sgt. John Doe. (ECF No. 12). In his subpoena, Plaintiff requested Wasco State Prison "[p]rovide the name, Badge #, photo, phone #, and address of the Sgt. who processed the Classification and Initial Housing for Gary L Beavers BH4704 on 10/3/2018." (ECF No. 18 at 12).

Wasco responded to Plaintiff with the name of Sergeant Louis A. Carlos, badge number 52441, and noted that Sergeant Carlos "has been deceased since November 2021." (*Id.* at 20).

On February 23, 2026, Plaintiff filed an Ex-Parte Motion to Issue Additional Subpoenas. (ECF No. 14). Plaintiff claimed Sergeant Carlos was not the correct individual, as the Doe defendant "was a black, very fit, 'drill sergeant looking' man, similar in height and build to me." (*Id.* at 1). Plaintiff requested additional subpoenas "requesting information that should show [Wasco's] response, naming Mr. Carlos, is a lie." (*Id.* at 2).

In order to consider Plaintiff's request for additional subpoenas, the Court ordered "Wasco State Prison [to] file a response to Plaintiff's motion with a copy of its response to the subpoena as well as a description of how the identity of Doe defendant was determined." (ECF No. 15 at 2).

Two days later, on February 26, 2026, Plaintiff filed a second motion for additional subpoenas. (ECF No. 16).

On March 12, 2026, Wasco State Prison filed its response, including the declaration of N. Ibarra explaining that Sergeant Louis A. Carlos was the person who processed Plaintiff's classification and initial housing review on October 3, 2018, prepared Plaintiff's Initial Housing Review form, dated October 3, 2018, and prepared the Informative Chrono documenting Plaintiff's request for placement in a Sensitive Needs Yard unit, dated October 3, 2028. (ECF No. 18 at 8). Wasco State Prison attached the Initial Housing Review form, the Informative Chrono, signed by the Plaintiff on October 3, 2018, and the subpoena response from Wasco State Prison identifying Louis A. Carlos as the Sergeant described in Plaintiff's

complaint. (*Id.* 15-20). The subpoena response also indicated that Sgt. Carlos "has been deceased since November 2021." (*Id.* 15-20).

On March 24, 2026, Plaintiff filed a third and fourth request for additional subpoenas to identify John Doe. (ECF Nos. 19, 20). Plaintiff again requested documents from Wasco State Prison such as the FLSA report and the names of inmates who "came to Wasco with [Plaintiff]." (ECF No. 19).

On March 26, 2026, the Court issued an order denying Plaintiff's first two motions for additional subpoenas, finding "[t]he responsive documents provided by Wasco State Prison provide a sufficient basis to identify Defendant Sgt. John Doe as Louis A. Carlos." (ECF No. 21 at 2). Because Mr. Carlos was now deceased, Plaintiff was ordered to substitute Defendant John Doe with the personal representative or successor in interest of Sergeant Carlos or dismiss this action no later than April 30, 2026. (*Id.* at 3).

The same day, the Court issued a second order denying the third and fourth motions for additional subpoenas, noting that they repeated the same arguments that the Court previously considered, ultimately finding that "[t]he responsive documents provided by Wasco State Prison provide a sufficient basis to identify Defendant Sgt. John Doe as Louis A. Carlos." (ECF No. 22 (quoting ECF No. 21)).

On April 23, 2026, Plaintiff filed his Motion to Substitute Defendant John Doe with Sergeant Carlos' wife, Patricia Carlos, as his presumed successor in interest. (ECF No. 25).

On June 9, 2026, the Court denied Plaintiff's motion for substitution and ordered Plaintiff to show cause why this action should not be dismissed with prejudice. (ECF No. 26). The Court found that, because Sergeant Carlos died before the lawsuit was commenced, he was never a proper party to this action and cannot be substituted under Rule 25 of the Federal Rules of Civil Procedure. "Plaintiff named no other defendants in this case. Therefore, the action should be dismissed." (*Id.* at 4).

In response to the Court's order to show cause why the case should not be dismissed, Plaintiff filed a fifth motion for early discovery on June 26, 2026. (ECF No. 27). In denying the motion, the Court noted that Plaintiff was given an opportunity to seek discovery regarding the

identity of Defendant Sgt. John Doe and that Plaintiff received documents and sworn testimony confirming the identity as Sergeant Carlos. (ECF No. 28 at 6).

The Court found that Plaintiff's motion for early discovery no longer sought the identity of John Doe, the Reception Sergeant at Wasco State Prison who assigned him to Plaintiff's housing unit. (*Id.*). Instead, Plaintiff's motion sought broad discovery regarding the circumstances of Plaintiff's classification in order to identify another individual who Plaintiff believes acted improperly at Wasco State Prison. (*Id.*). The Court explained that Plaintiff "is only entitled to discovery to identify a Doe Defendant who has been described in Plaintiff's complaint with sufficient specificity to facilitate service of process on that person." (*Id.* at 7). The Court found that "Plaintiff has received the identity that person." (*Id.* at 6). Accordingly, the Court found that Plaintiff did not show good cause for additional discovery and denied his motion. (*Id.* at 5, 7).

## II. APPLICABLE LAW

Rule 25 of the Federal Rules of Civil Procedure governs substitution of parties and states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

However, according to the Ninth Circuit, a dead person may not sue, be sued, or be joined as a party to a lawsuit. *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 951 (9th Cir. 2020) ("the dead lack the capacities that litigants must have to allow for a true Article III case or controversy"). While the Ninth Circuit in *LN Mgmt., LLC* declined to decide whether Rule 25(a) permits the substitution of a party when the party died before the lawsuit was served on them, it noted that "[s]everal of our district courts have followed *Mizukami* or similar cases in holding that Rule 25 substitutions are unavailable when the defendant for whom substitution is sought was dead before the commencement of the action, which was

therefore a nullity, or "dead *ab initio*." *Id.* at 955-56 (collecting cases including *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969)).

Moreover, four courts from this district have held that a party cannot substitute a personal representative or successor in interest for a party who died before the lawsuit was filed or the complaint was served on them. *See Jenkins v. Perry*, 2009 WL 1663508 at *2 (E.D. Cal., June 15, 2009) ("Rule 25 (a) governs the substitution of a party when a party dies, and the claim is not extinguished. Rule 25 is inapplicable in this instance, however, because defendant Williams was not served with the summons and therefore is not a party to this action"); *Givens v. California Department of Corrections and Rehabilitation*, 2021 WL 1966086 at *3 (E.D. Calif., May 17, 2021) (where a putative defendant dies before a lawsuit is filed, the claims against him are a "nullity" and must be "dismissed with prejudice"), *findings and recommendations adopted*, 2022 WL 2954738(E.D. Cal. July 26, 2022); *Jacques v. Tillery*, No. 223CV0079TLNKJNP, 2023 WL 5207668, at *4 (E.D. Cal. Aug. 14, 2023), *report and recommendation adopted,* No. 2:23-CV-0079-TLN-KJN, 2023 WL 8850122 (E.D. Cal. Dec. 21, 2023) (finding Rule 25 did not allow substitution when defendant died before complaint filed and dismissing action against deceased defendant with prejudice and then dismissing the matter because no remaining defendants named); *Lacy v. Tyson*, 2012 WL 4343837, *2 (E.D. Cal. Sept. 20, 2012), *adopted*, 2012 WL 5421230 (E.D. Cal. Nov. 5, 2012); *Jacques*, 2023 WL 5207668 at *4.

For example, in *Lacy v. Tyson*, the plaintiff was a *pro se* state prisoner raising a § 1983 complaint against correctional officers and medical staff. The district court held that because decedent R. Reyna died before the lawsuit was filed, the motion for substitution under Rule 25 was denied, and decedent Reyna was dismissed with prejudice. *Lacy*, 2012 WL 4343837 at *2. "While the Ninth Circuit has not addressed this issue, courts have held, as a rule, that the substitution of parties cannot be ordered in conformance with Rule 25(a)(1) where the person for whom substitution is sought died prior to being named a party." *Lacy*, 2012 WL 4343837 at *2.

\\\

## III. ANALYSIS

Defendant Sgt. John Doe, the Reception Sergeant at Wasco Prison, has been conclusively identified as Sergeant Louis A. Carlos. Sergeant Carlos died in November of 2021 and cannot be named as a party to this lawsuit. *LN Mgmt., LLC*, 957 F.3d at 951. Moreover, because Sergeant Carlos died before this lawsuit was commenced, he was never a proper party to this action and cannot be substituted under Rule 25. *Id.*; *Lacy*, 2012 WL 4343837 at *2.

As such, Plaintiff's claims against Defendant are a nullity, and Plaintiff names no other defendants in the case.

Accordingly, the Court will recommend dismissal of the action with prejudice.

## IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. This action be dismissed with prejudice as a nullity; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 16, 2026** /s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE