**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

GARY LEE BEAVERS,

Plaintiff,

v.

JOHN DOE,

Defendant.

Case No. 1:24-cv-00942 KES EPG

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS; DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM; AND DIRECTING CLERK OF COURT TO CLOSE CASE

Doc. 29

Gary Lee Beavers seeks to hold Sgt. John Doe liable for allegedly violating his civil rights by intentionally assigning him to a building knowing that he would be assaulted by other prison inmates, as retaliation for Beavers not "donating" his suits used for his trial. *See generally* Doc. 1. This action proceeded solely on Beavers' claim for failure to protect in violation of the Eighth Amendment against Sgt. John Doe. Doc. 17.

Following screening, Beavers sought discovery from Wasco Prison to identify Sgt. John Doe. Wasco State Prison submitted a declaration and supporting records that identified that person as Sergeant Louis A. Carlos. Doc. 18. As Sergeant Carlos had died before this lawsuit was filed, Beavers moved to substitute Mr. Carlos's widow, as his successor in interest, in place of Sgt. John Doe. Doc. 25. The magistrate judge denied that motion because Carlos had died before this lawsuit was filed and was never a proper party to the action. Doc. 26. The magistrate

judge also issued an order to show cause why this case should not be dismissed with prejudice as a nullity. *Id.* at 4.

In response to the order to show cause, on June 26, 2026, Beavers filed a motion for early discovery, seeking extensive discovery requests surrounding the circumstances of his classification, asserting that he sought to identify another individual—other than the Reception Sergeant—that Beavers believes acted improperly at Wasco State Prison. Doc. 27. The magistrate judge denied the motion for additional discovery, finding that Beavers had already received sufficient information to identify Sgt. John Doe and was not otherwise entitled to discovery outside the context of Federal Rule of Civil Procedure 26. Doc. 28.

On July 17, 2026, the magistrate judge also issued findings and recommendations that this case be dismissed with prejudice as a nullity. *Id.* at 7. The magistrate judge found that Beavers did not dispute that Sergeant Carlos died before this lawsuit was filed. Nor did Beavers credibly dispute the evidence that Sergeant Carlos is the person described in the complaint as John Doe, i.e., the Reception Sergeant at Wasco State Prison who processed Beavers' classification and initial housing review on October 3, 2018. *Id.* at 2. Because Sergeant Carlos died before this lawsuit was commenced, the magistrate judge found that he was never a proper party to this action and that his estate or heir cannot be substituted for him under Rule 25 of the Federal Rules of Civil Procedure. *Id.* As such, the magistrate judge found Beavers' claims against Sgt. John Doe are a nullity, and because Beavers named no other defendants in the case, recommended dismissal of the action with prejudice. *Id.*

The Court served these findings and recommendations on Beavers with a notice that any objections were to be filed within 30 days. *Id.* The Court informed Beavers that a failure to file timely objections "may result in the waiver of rights on appeal." *Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)).

On July 27, 2026, Beavers filed his objections. Doc. 30. While Beavers claims in his objections that another unknown individual, not Sergeant Carlos, was the person who handled his classification and housing review, he does not identify evidence that would undermine the declaration and records provided by Wasco State Prison that confirm that Sergeant Carlos was that person (*see* Doc. 18).

Consistent with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review. Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis. The Court ORDERS:

1. The findings and recommendations issued July 17, 2026 (Doc. 29) are ADOPTED in full.
2. This action is DISMISSED with prejudice.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: August 28, 2026

UNITED STATES DISTRICT JUDGE